UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

KENNETH ENG,

                                                                    Plaintiff,

                  -against-

THE CITY OF NEW YORK, P.O.s  JOHN and JANE
DOE #1-10, individually and in their official capacities
(the names John and Jane Doe being fictitious, as the true
names are presently unknown), THE NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION, DR.
ALAN STEARNS, DR. ANGELINA DECASTRO, and
HHC PERSONNEL JOHN and JANE DOE #11-20,

                                                            Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

06 Civ. 5206 (VM)

**JURY TRIAL DEMANDED**

      Plaintiff KENNETH ENG, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C.    1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff KENNETH ENG is an Asian-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     Defendant THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION ("HHC") was and is a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. That at all times hereinafter mentioned, the individually named defendants DR. ALAN STEARNS, DR. ANGELINA DECASTRO, and HHC PERSONNEL JOHN and JANE DOE #11-20 were employees, servants and/or agents of HHC and were acting under the supervision of HHC and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

15. On September 30, 2004, plaintiff KENNETH ENG became involved in a verbal altercation at the New York University Counseling Center, in the County, City and State of New York.

16. At aforesaid time and place, members of the New York City Police Department took plaintiff KENNETH ENG into custody and placed him in an ambulance that transported him against his will to Bellevue Hospital, in Manhattan, New York.

17. While at Bellevue Hospital, plaintiff KENNETH ENG was confined against his will and forcibly medicated by defendants DR. ALAN STEARNS, DR. ANGELINA DECASTRO, and unidentified HHC personnel.

18. Defendants DR. ALAN STEARNS, DR. ANGELINA DECASTRO, and unidentified HHC personnel falsified documents in order to continue to medicate plaintiff forcibly and to prolong

his forced hospitalization.

19. Plaintiff KENNETH ENG was held against his will at Bellevue Hospital for approximately two weeks.

20. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

21. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "20" with the same force and effect as if fully set forth herein.

22. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

23. All of the aforementioned acts deprived plaintiff KENNETH ENG of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

24. The acts complained of were carried out by the aforementioned individual police defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

25. The acts complained of were carried out by the aforementioned individual police defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

26. The acts complained of were carried out by the aforementioned individual HHC defendants in their capacities as HHC personnel, with all of the actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual HHC defendants in their capacities as HHC personnel, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and HHC, all under the supervision of ranking officials of HHC.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority/public benefits corporation, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. As a result of the aforesaid conduct by defendants, plaintiff KENNETH ENG was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

31. As a result of the foregoing, plaintiff KENNETH ENG's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

### THIRD CLAIM FOR RELIEF
### <u>MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983</u>

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants issued legal process to place plaintiff KENNETH ENG under arrest and to hospitalize him forcibly.

34.     Defendants arrested and hospitalized plaintiff KENNETH ENG in order to obtain a collateral objective outside the legitimate ends of the legal process.

35.     Defendants acted with intent to do harm to plaintiff KENNETH ENG without excuse or justification.

### FOURTH CLAIM FOR RELIEF
### <u>EXCESSIVE FORCE UNDER 42 U.S.C. § 1983</u>

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff KENNETH ENG's constitutional rights.

38.     As a result of the aforementioned conduct of defendants, plaintiff KENNETH ENG was subjected to excessive force and sustained physical injuries.

### FIFTH CLAIM FOR RELIEF
### <u>DEPRIVATION OF DUE PROCESS UNDER 42 U.S.C. § 1983</u>

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     In forcibly hospitalizing and medicating plaintiff KENNETH ENG, defendants deprived plaintiff of his right to be afforded due process before being deprived of a liberty interest.

41.     In falsifying documents, defendants deprived plaintiff KENNETH ENG of his right to

be afforded due process.

42. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### SIXTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants arrested and hospitalized plaintiff KENNETH ENG in the absence of any evidence of criminal wrongdoing or mental illness, notwithstanding their knowledge that said arrest and hospitalization would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, or as doctors and hospital officials, with all the actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, or as doctors and hospital officials, pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York, the New York City Police Department, and HHC, all under the supervision of ranking officers of said departments or agencies.

47. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and HHC include, but are not limited to, wrongfully arresting, hospitalizing, and medicating individuals who do not require in-patient mental health treatment, and falsifying documents to justify forced psychiatric hospitalizations and forced medication.

48.	The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **James Edward Jones v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 2302;

- **Jeffrey Browne v. City of New York,** United States District Court, Southern District of New York, 04 Civ. 8440;

- **Marion v. LaFargue,** United States District Court, Southern District of New York, 00 Civ. 0840.

49.	The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and HHC constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff KENNETH ENG.

50.	The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and HHC were the direct and proximate cause of the constitutional violations suffered by plaintiff KENNETH ENG as alleged herein.

51.	The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and HHC were the moving force behind the constitutional violations suffered by plaintiff KENNETH ENG as alleged herein.

52.	As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and HHC, plaintiff KENNETH ENG was falsely arrested and wrongfully hospitalized.

53.	Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff KENNETH ENG.

54. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff KENNETH ENG's constitutional rights.

55. All of the foregoing acts by defendants deprived plaintiff KENNETH ENG of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from malicious abuse of process;

    D.    Not to have excessive force imposed upon him;

    E.    Not to have cruel and unusual punishment imposed upon him; and

    F.    To receive equal protection and due process under the law.

56. As a result of the foregoing, plaintiff KENNETH ENG is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

**WHEREFORE**, plaintiff KENNETH ENG demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
            July 10, 2006

                                    /s
                            ROSE M. WEBER (RW 0515)
                            225 Broadway, Suite 1608
                            New York, NY 10007
                            (212) 748-3355